UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 13-00242 WHA |
| v. | |
| JAY SALVADOR HERNANDEZ, | **ORDER RE § 2255 MOTION** |
| Defendant. | |

Defendant Jay Salvador Hernandez, moving *pro se*, requests a modification of his sentence due to various perceived errors at sentencing.

He argues, *first* and *third*, that he was sentenced outside the guidelines without the Court providing reasons for criminal history score or base offense level in violation of Rule 31(i)(3). This order notes that, at sentencing, the Court found Mr. Hernandez fell within criminal history category III (Dkt. No. 202 at 15). Mr. Hernandez further claims that the Court did not adjudicate the weight of methamphetamine he possessed, which was between fifty and 200 grams. Without a finding, he says, he should have been given the guidelines range associated with fifty grams only (Dkt. No. 203 at ¶ 7). Not so. In his plea agreement, Mr. Hernandez took responsibility for eight kilograms of methamphetamine (Dkt. No. 68 ¶ 2). This eight-kilogram amount set his highest base offense level at thirty-eight. The Court found a total offense level of thirty-five. A finding of his criminal history score at III and offense level of

35 in turn drove the guidelines' sentencing range and informed the sentence of 132 months (Dkt. No. 202 at 3, 17, 19–20).  These findings comported with Rule 31(i)(3).

Mr. Hernandez also argues, *third*, that 18 U.S.C. § 3624(c)(2) requires he serve ten percent of his sentence in a community-based facility.  The statute actually provides that community confinement is "not to exceed 12 months" (*id*. (c)(1)), and

> The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

*Id*. at (c)(2).  Section 3624 would not permit Mr. Hernandez to serve 13.2 months in a community facility or home confinement, as he claims.

Finally, a Section 2255 motion cannot support a change to a required term of supervised release (here, five years under 21 U.S.C. 841(b)(1)(A)(viii)).  *But see* 18 U.S.C. § 3583(e)(1) (setting requirements for early termination).

Since Mr. Hernandez's arguments fail on their substance, this order does not decide, or rely on, any procedural irregularity regarding exhaustion of direct appeal (*see* Dkt. No. 203 Ground Three (C)(7)).

**IT IS SO ORDERED.**

Dated: November 17, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2